# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40761
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2014

Lyle W. Cayce
Clerk

PATRICK BERNARD SMITH,

Plaintiff-Appellant

v.

Sergeant MICHAEL OLSEN; ROBERT D. ROE; Officer PENELOPE BARNES, also known as Penelope R. Burnes; KEVIN L CARLVIN; Correctional Officer JESSE L. DAVIS; Correctional Officer DOMENICO DEPALMA; Correctional Officer ERIC A. MCCLENDON; Correctional Officer GREG S. VICKERY; Correctional Officer DAVID K. WRIGHT; NANCY J. YOUNG; DONNA STEELY,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-243

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Patrick Bernard Smith, Texas prisoner # 896428, is serving a life sentence for murder. He appeals the dismissal of his 42 U.S.C. § 1983 action

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against employees of the Beto Unit of the Texas Department of Criminal Justice where Smith was briefly confined in early 2009.

Smith alleged that he was denied adequate treatment for his injured knees and then subjected to excessive force after he complained about a perceived lack of proper attention. By consent, the case was referred to the magistrate judge for a final decision. In 2012, the defendants moved for summary judgment on the merits. Smith declined to address the summary judgment motion and said he did not need to do so. The court granted summary judgment and dismissed all claims.

The court concluded that "the undisputed competent summary judgment evidence shows that the medical defendants provided appropriate care and were not deliberately indifferent to [Smith's] medical needs." The court also determined that a video recording showed that no defendant used excessive force when removing Smith from the prison infirmary after he pulled down his pants, sat on the floor, and refused to move. All other colorable claims, liberally construed, were likewise dismissed on the uncontested summary judgment evidence.

We review *de novo* a grant of summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* FED R. CIV. P. 56(a). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(c)(1). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez*, 670 F.3d at 660. Nor can Smith overcome summary judgment by merely resting

No. 12-40761

on the allegations of his pleadings. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Smith offers only generic statements of law and conclusional factual assertions, scattered throughout his briefs. Even when Smith's contentions are construed with utmost liberality, they do not challenge any specific ruling by pointing to summary judgment evidence creating a contested issue of material fact. Indeed, Smith declined to offer such evidence in the district court. At best, Smith reiterates the allegations of his pleadings, which cannot overcome summary judgment. *See Duffie*, 600 F.3d at 371. "It is not our duty to scrutinize the record" in order to find facts supporting Smith's appeal. *Hernandez*, 670 F.3d at 659.

Because Smith has identified "no genuine dispute as to any material fact," summary judgment was proper. FED R. CIV. P. 56(a). The judgment of the district court is AFFIRMED. All motions are DENIED.